UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF MANUEL McCALIP,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE CO.,

    Defendant.

                                  /

Case No. 08-12806

Honorable Nancy G. Edmunds

**ORDER CANCELLING MAY 13, 2009 HEARING AND GRANTING DEFENDANT'S MOTION SEEKING LEAVE TO FILE A MOTION FOR DECLARATORY JUDGMENT [15]**

    This matter comes before the Court on Defendant Metropolitan Life Insurance Company ("MetLife")'s motion to either remand this case to MetLife for a determination as to entitlement to life insurance benefits or to allow MetLife to file a motion for declaratory judgment. The Court finds that the facts and legal arguments are adequately presented in the parties' motion and response and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L. R. 7.1(e)(2), it is hereby ORDERED that the motion shall be resolved as submitted, and the hearing previously scheduled for May 13, 2009, is hereby CANCELLED.

    Defendant MetLife's motion is GRANTED, and MetLife is hereby allowed to file a motion for declaratory judgment. That motion shall (1) apply the holding in *Kennedy v. Plan Admin. for DuPont Savs. & Invest. Plan*, 129 S. Ct. 865 (2009), and (2) provide and discuss the Plan Administrator's determination as to whom, under the relevant ERISA plan

documents, it is required to pay as benefits under Manuel McCalip's ERISA-governed life insurance policy.  Plaintiff has conceded that the divorce judgment at issue here is not a qualified domestic relations order ("QDRO").  Rather, Plaintiff argues that a waiver in the divorce judgment constitutes a federal common law judgment.  Despite Plaintiff's arguments to the contrary, this is precisely the argument raised and rejected in *Kennedy*.  Plaintiff's reliance on *Sweebe v. Sweebe*, 712 N.W.2d 708 (Mich. 2006), and a footnote in *Kennedy*, 129 S. Ct. at 875 n.10, is misplaced.  In that footnote, the United States Supreme Court observes that its decision in *Kennedy* does not address the issue "whether the Estate could [bring] an action in state or federal court against [the named beneficiary] to obtain the benefits *after they were distributed.*"  *Id.* (emphasis added).  The *Kennedy* Court cited the Michigan Supreme Court decision in *Sweebe* as an example of a decision where a court addressed the distribution of benefits *after* they were distributed by the plan administration in accordance with the plan documents.  It then quoted the holding in *Sweebe*, "while a plan administrator must pay benefits to the named beneficiary as required by ERISA," *after the benefits are distributed* "the consensual terms of a prior contractual agreement may prevent the named beneficiary from *retaining* those proceeds."  *Id.* (emphasis added).

       s/Nancy G. Edmunds  
       Nancy G. Edmunds  
       United States District Judge

Dated:  May 1, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 1, 2009, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager